# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALLEN OLIVER,<br><br>    Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL; JOSEPH A. FARROW, individual; JOSEPH A. FARROW, as Commissioner; MATTHEW M. CAVATAIO, an individual; MATTHEW M. CATAIO, as Police Officer; JESSICA A. BURGER, an individual; JESSICA A. BURGER, as Police Officer; and DOES 1 THROUGH 10, inclusive,<br><br>    Defendant. | CASE NO. 16cv540-WQH-MDD<br><br>ORDER |

HAYES, Judge:

   The matter before the Court is the Motion to Appoint Counsel (ECF No. 21) filed by Plaintiff Anthony Allen Oliver.

   On March 3, 2016, Plaintiff, proceeding pro se, commenced this action by filing a civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 16, 2016, summons were returned executed as to Defendants Matthew M. Cavataio and Jessica A. Burger. (ECF Nos. 13-15). On April 19, 2016, Plaintiff filed a Motion for Taxation of Costs against Defendants Cavataio and Burger. (ECF No. 17). On May 5, 2016, Defendants Cavataio and Burger filed an answer. (ECF No. 18). On May 9, 2016, summons were returned executed as to Defendant California Highway Patrol. (ECF No. 20). On May 10, 2016, Plaintiff filed a motion to appoint counsel. (ECF No. 21).

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this case, Plaintiff requests counsel because he has "difficulty typing, sitting down for long periods of time, and suffers extreme nightmares." (ECF No. 21-2 at 5). Plaintiff states that as a result of the incident alleged in his complaint, Plaintiff is undergoing rehabilitation and requires cortisone shots in his left shoulder and back. *Id.* In the declaration attached to Plaintiff's motion, Plaintiff states that he is a member of the Federal Bar Association, he "was a member of the local bar in another district" and is "switching to the San Diego Chapter." (ECF No. 21-3 at 3). Plaintiff states that he is "currently studying to take the State Bar exam." *Id.* The Court has evaluated the likelihood of success of Plaintiff's claims and Plaintiff's ability to articulate the claims. Plaintiff's Complaint demonstrates that Plaintiff has an ability to articulate his claims. There are no "exceptional circumstances" and the interests of justice do not require

1 | appointment of counsel at this stage in the proceedings.
2 |     IT IS HEREBY ORDERED that the Motion for Appointment for Counsel (ECF
3 | No. 21) is denied.
4 | DATED: May 23, 2016

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge